KAYATTA, Circuit Judge.
(Concurring)
The central merits issue in this case is whether Ms. Gross was physically-disabled within the- meaning of Sun Life’s group disability policy. The law is quite clear that Gross bore the burden of proof on that issue. See Orndorf, 404 F.3d.at 518-19 (characterizing the conclusion that claimant bears the burden .of proving disability as a “guiding principle” in the appellate court’s analysis). It is also quite clear that in resolving such an issue courts generally review and -weigh .the administrative record as a whole. See Scibelli v. Prudential Ins. Co. of Am., 666 F.3d 32, 40 (1st Cir. 2012). Were we . to so proceed on this appeal, I would find that .Gross failed to carry her burden of showing that the evidence, as. a whole established her claimed disability. Only one doctor, Bhupalam, saw Gross and viewed the video. A straight-shooter, Bhupalam initially deemed Gross disabled. He then reversed his opinion when shown the video evidence, finding it too incompatible with Gross’s subjectively supported symptoms and limitations. As best the record shows, Gross either never showed the video to her own doctors or, if she did, she was unable to get. them to confirm their opinions once they saw the video. Instead, her lawyer set to trying to muzzle Bhupalam. On such a record, it requires no undue speculation to figure out what is likely going on. At the very least, Í would find Giross’s inability to parry Bhupqlam’s post-video opinion with an opinion from any doctor who saw. or treated her to be a dispositive failure in her effort to carry her burden.
My colleagues, though,.-read Gross I as having bifurcated the usual ERISA merits inquiry. They conclude that some of the evidence (i.e., the evidence excluding both the video and conclusions to be drawn from the video) weighs in favor of finding of disability, and then treat this appeal as a proceeding in which Sun Life bears the burden of upsetting that conclusion. This bifurcated parsing of the evidence provides a potent tool for burden shifting. Here, for example, Gross I found the evidence as a whole did not justify the entry of judgment for Gross, where the only doctor who saw both Gross and the video recanted his opinion after he saw the video. Common sense would suggest that the case might therefore turn on what Gross’s, numerous treating physicians had to say in response, i.e., did.they stand by their opinions once shown the video? Instead, when the treating physicians remained mum, my colleagues (treating the Bhupalam opinion as old news) now find that Sun Life needed to do more “to show that ... the capabilities Gross demonstrated in the videos were incompatible ‘with the medical record of disability.” While'I'doubt that this is a proper way to proceed, I acknowledge that one could reasonably read Gross I as setting up such a burden-shifting inquiry. And while I would normally eschew such a reading in the absence of more express direction (and perhaps some support in the case law), I defer here to my colleagues, both of whom were on the Gross I panel and seem to regard such a reading as plainly manifest (or at least intended). For this reason alone, I concur.